IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TAMI HARRISON and<br>JERRY HARRISON, JR., | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 16-00426-CG-N |
| HOLMAN CORRECTIONAL FACILITY<br>and DEPT. OF CORRECTIONS, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiffs, Tami Harrison, non-prisoner, and Jerry Harrison, Jr., an Alabama inmate proceeding pro se, filed the instant case alleging violations under 42 U.S.C. § 1983 (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D..Ala.Gen. LR 72(a)(2)(R) for appropriate action. Because Plaintiffs have failed to prosecute and to comply with the Court's Order dated August 15, 2016, it is recommended that this action be dismissed without prejudice.

On August 15, 2016, this Court issued an Order directing Plaintiffs to file a single new complaint on this Court's form for a § 1983 actions by prisoners and to either pay the statutory filing fee or file a motion to proceed without prepayment of fees by September 9, 2016 (Doc. 4). Plaintiffs have not responded to the Court's order nor has the document been returned as undeliverable. Plaintiffs were cautioned that their failure to comply with the Court's order would result in a recommendation that this action would be dismissed without prejudice for failure to prosecute and to obey the Court's order. Due to this failure, the Court construes the lack of a response as an indication that Plaintiffs are no longer interested in proceeding with his action.

As a consequence of Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.   Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss <u>sua</u> <u>sponte</u> an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).   Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court=s inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## **Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA.GEN. LR. 72(c).   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by

reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 16th day of September, 2016.

                                            s/KATHERINE P. NELSON
                                             UNITED STATES MAGISTRATE JUDGE